## BREWER et v ROUSH

Ohio Appeals, 2nd Dist, Franklin Co

No 2224.   Decided Dec 20, 1932

J. D. Withgott, Chillicothe, and James I. Boulger, Columbus, for plaintiff in error.

D. Curtis Reed, Columbus, for defendant in error.

ALLREAD, J.

Plaintiffs in error also filed with their petition in error a bill of exceptions taken

on the trial. The principal question made on the petition in error relates to the certificate of the engineer in charge. It is claimed in the brief that the engineer in charge was authorized to give partial estimates as the work progressed and after that such partial estimates were subject to the final estimate which was to be conclusive. The first estimate as shown by Roush's testimony and not disputed was given on January 1, 1931, in which the resident engineer certified the entire amount of 26488 yards of borrow dirt at 40 cents per yard, and an additional amount of grading, 92397 cubic yards at 35 cents per yard.

The plaintiff Roush offered the evidence in the opening of the case showing this estimate and that no objections were made thereto during the opening of the case or throughout the trial. Later on the defendant in his case offered subsequent certificates from the engineer in charge which reduced the amounts due Roush for his items of work to $642.30. The defendants therefore claim that the subsequent certificates were binding and that the preliminary certificate was of no avail. This was therefore a question to be submitted to the jury.

Plaintiffs in error claim under the authority of the **Four Mile Valley Railway Company v Bailey**, decided by the Supreme Court in **18 Oh St, p. 208**, the opinion being on page 218, to the effect that the final estimate is conclusive, and not the preliminary estimates during the progress of the work. The defendants also rely upon the case of **Rutherford v Brachman, 40 Oh St, 604**, which also holds that the final estimate is conclusive. To the same effect is **The Fred R. Jones Company v Fath et, partners, 100 Oh St, 47**, and **Ashley v Hanahan, 60 Oh St, 559**. We think none of these cases involve the question here. Here all the work had been done and accepted on December 10, 1930, and the final estimate of the engineer was made on January 1, 1931. This was therefore the final estimate of the engineer to which the contract referred. It is true that the defendant offered the certificates of certain engineers to the effect that they subsequently examined the work and found that the amount of work was considerably less than the amount shown in the certificate of the engineer in charge on January 1, 1931. It therefore became a question for the jury to decide whether the first certificate was correct or whether the second and third certificates were entitled to greater evidential force and effect than the first. The question was submitted to the jury which returned the verdict in favor of the plaintiff based upon the first certificate. We are of the opinion that the first certificate was, under the evidence, to be submitted to the jury, and that the jury's verdict in that respect is supported by the evidence.

Other questions have been presented by counsel and considered by the court. None of these questions, however, in our judgment will justify the reversal of the judgment. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.